# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**KRYSTAL CARTER,**

    **Plaintiff,**

v.                                       **CASE NO.:**

**OASIS TROPICAL CAFÉ, LLC,**
a Florida Limited Liability
Company and **ALBERTO**
**VAZQUEZ, individually,**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff KRYSTAL CARTER (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants OASIS TROPICAL CAFÉ, LLC and ALBERTO VAZQUEZ (hereinafter "Defendants"), and states the following:

## NATURE OF CASE

    1.    This is a claim by Plaintiff against her former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"), and the Florida Constitution, Article. X § 24. As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal

amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2. Plaintiff worked for Defendants within the last five (5) years, from approximately 2017 to August 31, 2021.

3. Defendant OASIS TROPICAL CAFÉ, LLC's principal address is listed in Ocala, Florida and is therefore within the jurisdiction of this Court.

4. Defendant ALBERTO VAZQUEZ works in Ocala, Marion County, Florida.

## JURISDICTION & VENUE

5. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over these federal claims are found in Title VII at 42 U.S.C.§2000e-5(f)(3).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims.

7. The acts and omissions giving rise to this action occurred in Ocala, Florida.

8. Defendant conducts business in Ocala, Florida.

9. Plaintiff was employed with Defendant in Ocala, Florida.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11. This is an action at law raises a federal question under federal law.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13. Venue is proper in Ocala because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14. Plaintiff is a female.

15. Plaintiff suffered sexual harassment and discrimination based on her gender.

16. Plaintiff is a member of a class of individuals protected by Title VII, and the FCRA.

17. Plaintiff was qualified for her position of employment as a manager.

18. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, and the FCRA.

19. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, and the FCRA.

20. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 21, 2022.

21. The EEOC issued a Notice of Right to Sue on November 20, 2022.

22. Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

23. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

24. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTUAL ALLEGATIONS

25. Plaintiff worked as a manager for Defendants.

26. Plaintiff was paid $15.00 per hour.

27. Plaintiff was paid no wages for at least two weeks of work performed in or around August 2021.

28. At all material times, Defendants were an enterprise subject to the Florida Constitution's provision on minimum wages.

29. At all material times (during the last five years), Defendants were an enterprise engaged in commerce or in the production of goods for commerce, and that enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person.

30. Defendants' employees ran credit card transactions which transacted business in interstate commerce on a daily basis and also handled such goods as napkins, food and restaurant supplies which previously travelled through commerce on a daily basis.

31. At all material times (during the last five years), Defendants had an annual gross volume of sales or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

32. Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendants as a result of their use of credit card machines which transmitted communications in interstate commerce.

33. Defendants are in the business of providing food and drinks to the general public.

34. Defendants employed Plaintiff in the last five (5) years.

35. Plaintiff worked in the state of Florida without being paid at least the full minimum wage for all hours worked.

36. Defendants controlled and/or were responsible for the work of Plaintiff.

37. Plaintiff did a specific job, i.e., prepare food and serve customers, which was/is an integral part of the business of Defendants.

38. As a result of these common policies, Plaintiff is entitled to receive full minimum wage for each hour worked as repayment for improperly unpaid/deducted wages.

39. During her employment, Plaintiff complained about the illegal practices above, describing Defendants' management, and Defendants took no action to stop the illegal practices.

40. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived. See Plaintiff's Demand Letters attached as **Exhibit "A."**

41. Plaintiff is a female.

42. Plaintiff was subjected to sexual harassment by her co-worker, Alberto Vazquez.

43. Vazquez made repeated comments about her body as well as comments regarding what he would do to her, in a sexually suggestive manner.

44. He would also make comments about Plaintiff's race, going so far as to call her a n****r on several occasions.

45. In addition, he would also constantly refer to her as "ghetto," A racially derogatory term.

46. Further, Mr. Vazquez displayed his discriminatory animus towards black customers when they were in the restaurant.

6

47. He would call black patrons n****r's and try to rush them out of the restaurant as quickly as possible.

48. Plaintiff was witness to these events as well as text messages sent from Vazquez.

49. Plaintiff began a relationship with an African-American male in August of 2021.

50. Mr. Vazquez's behavior got more irrational and his harassing and discriminatory comments increased at this time.

51. He texted Plaintiff, calling her boyfriend a "monkey."

52. He texted Plaintiff threatened to lynch Plaintiff's boyfriend from a tree while setting him on fire.

53. He texted Plaintiff threatening to "blow his head off," referring to Plaintiff's boyfriend.

54. He also continued to sexually harass Plaintiff through his sexually suggestive text messages.

55. Ultimately, Plaintiff could no longer work under these horrific conditions and was therefore constructively discharged from her employment on August 31, 2021.

## COUNT I
## <u>GENDER DISCRIMINATION IN VIOLATION TITLE VII</u>

56. Plaintiff realleges and adopts allegations contained in paragraphs 1-3, 5-26, 29-30, 32-34, 40-43, 48-50, and 55, as though fully stated herein.

57. Plaintiff is a member of a protected class because she is female.

58. At all material times, Plaintiff was qualified to perform her job duties.

59. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender.

60. Defendant did not subject the male employees to discriminatory treatment.

61. Plaintiff suffered an adverse employment action when she was forced to constructively discharge her employment.

62. The discrimination to which Plaintiff was subjected was based on her gender.

63. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

66. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g.  reasonable attorneys' fees and litigation expenses against Defendant; and

h.  any additional relief that this Court deems just.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION OF FCRA

67. Plaintiffs realleges and adopts all allegations contained within paragraphs 1-3, 5-9, 11-26, 40-43, 48-50, and 55, as though fully stated herein.

68. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

69. Defendant discriminated against Plaintiff based on her gender.

70. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

71. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

72. At all material times, Plaintiff was qualified to perform her job duties.

73. Defendant discriminated against Plaintiff because of her gender.

74. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

75. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate

result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotional pain and suffering;

 e. Injunctive relief;

 f. Prejudgment interest;

 g. Costs and attorney's fees; and

 h. Such other relief as the Court may deem just and proper.

## COUNT III
## SEXUAL HARASSMENT OF PLAINTIFF
## IN VIOLATION OF TITLE VII

76. Plaintiff realleges and adopts all allegations contained within paragraphs 1-3, 5-26, 29-30, 32-34, 40-43, 48-50, 54-55, as though fully stated herein.

77. Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with Defendant,

which was perpetuated upon her by Plaintiff's supervisors, and this conduct was based upon and directed at Plaintiff by reason of her gender.

78. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

79. During the times referenced herein, Plaintiff was subject to constant sexually explicit commentaries.

80. Plaintiff was a victim of retaliatory conduct on the part of Defendants.

81. During the course of her employment Plaintiff was forced work in a sexual discriminatory and hostile environment.

82. Defendant's management was aware of the hostile work environment and acquiesced in the environment.

83. Defendant's actions were open and obvious.

84. As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering;

  e. Injunctive relief;

  f. Prejudgment interest;

  g. Costs and attorney's fees; and

  h. Such other relief as the Court may deem just and proper.

## COUNT IV
## SEXUAL HARASSMENT OF PLAINTIFF
## IN VIOLATION OF FCRA

85. Plaintiff realleges and adopts all allegations contained within paragraphs 1-3, 5-9, 11-26, 40-43, 48-50, and 54-55, as though fully stated herein.

86. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

87. Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with Defendant, which was perpetuated upon her by Defendants and Plaintiff's supervisor, and this conduct was based upon and directed at Plaintiff by reason of her gender.

88. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's

physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

89. During the times referenced herein, Plaintiff was subject to constant sexually explicit commentaries.

90. During the times referenced herein, Plaintiff's supervisor made comments about wanting to have sexual relations with Plaintiff.

91. Plaintiff was a victim of retaliatory conduct on the part of Defendants.

92. During the course of her employment Plaintiff was forced work in a sexual discriminatory and hostile environment.

93. Defendant's management was aware of the hostile work environment and acquiesced in the environment.

94. Defendant's actions were open and obvious.

95. As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering;

  e. Injunctive relief;

  f. Prejudgment interest;

  g. Costs and attorney's fees; and

  h. Such other relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF THE FLORIDA CONSTITUTION, ARTICLE X, § 24 (Minimum Wage) AGAINST DEFENDANT OASIS TROPICAL CAFÉ, LLC

96. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1-3, 5-9, 11-13, 24-40, and 55, as if fully incorporated herein.

97. Plaintiff is entitled to be paid the full minimum wage for each hour worked during employment with Defendants.

98. Defendants refused and/or failed to compensate Plaintiff for these violations.

99. Defendants willfully failed to pay Plaintiff the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

100. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work during her employ with Defendants.

**WHEREFORE**, Plaintiff, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court deems just and appropriate.

## COUNT VI
## VIOLATION OF THE FLORIDA CONSTITUTION, ARTICLE X, § 24 (Minimum Wage) AGAINST DEFENDANT ALBERTO VAZQUEZ, INDIVIDUALLY

101. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-2, 4-9, 11-13, 24-40, and 55, above.

102. Defendant, ALBERTO VAZQUEZ, is the owner and General Manager of Defendant OASIS TROPICAL CAFÉ, LLC.

103. Defendant, ALBERTO VAZQUEZ, is the acting manager who acted with direct control over the work, pay, and job duties of Plaintiff.

104. Defendant, ALBERTO VAZQUEZ, had the power to hire and fire Plaintiff.

105. Defendant, ALBERTO VAZQUEZ, supervised and controlled Plaintiff's work schedule or conditions of employment.

106. Defendant, ALBERTO VAZQUEZ, determined Plaintiff's rate and method of payment.

107. Defendant, ALBERTO VAZQUEZ, maintained employment records.

108. As such, Defendant, ALBERTO VAZQUEZ, is charged with responsibility for violations of Plaintiff's rights to minimum wage and resulting damages.

109. Plaintiff is entitled to be paid the full minimum wage for each hour worked during employment with Defendants.

110. Defendants refused and/or failed to compensate Plaintiff for these violations.

111. Defendants willfully failed to pay Plaintiff the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

112. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work during her employ with Defendants.

**WHEREFORE**, Plaintiff, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 17th  day of February, 2023.

        Respectfully submitted,
        s/ Edward W. Wimp
        Edward W. Wimp, Esquire – LEAD COUNSEL
        FBN: 1015586
        Email: ewimp@theleachfirm.com

        Anthony Hall, Esquire
        FBN: 0040924
        Email: ahall@theleachfirm.com

        THE LEACH FIRM, P.A.
        631 S. Orlando Ave., Suite 300
        Winter Park, FL 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 813-7513

        Attorneys for Plaintiff