**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**KRYSTAL CARTER,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　Case No: 5:23-cv-117-JSM-PRL

**OASIS TROPICAL CAFE, LLC and**
**ALBERTO VAZQUEZ,**

    **Defendants.**

## ORDER

Before the Court in this employment discrimination case is Defendants' motion to compel Plaintiff's more complete answers to its interrogatories and for attorney's fees in the amount of $1,800.00. (Doc. 16). Plaintiff has filed a response in opposition. (Doc. 18). For the following reasons, Defendants' motion is granted in part and denied in part.

According to the allegations in the complaint, Plaintiff, Krystal Carter, is a former employee of Defendants, Oasis Tropical Café LLC ("Oasis") and Alberto Vazquez (Oasis' owner and general manager). (Doc. 1 at ¶¶ 2–4, 102). Working as a manager, Ms. Carter endured Mr. Vazquez's sexual harassment and racial discrimination for five years before her constructive discharge on August 31, 2021. (Doc. 1 at ¶¶ 2, 25, 41–55). Further, Ms. Carter was unpaid for her last two weeks of work in August 2021. (Doc. 1 at 27). Thereafter, Ms. Carter filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at ¶¶ 20-21.

Upon the EEOC issuing her a notice of right to sue, Plaintiff filed the instant action, asserting six counts against Defendants. *Id.* In Counts I and III, Plaintiff asserts claims for

gender discrimination and sexual harassment against Defendants under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *amended by* Civil Rights Act of 1991, 42 U.S.C. § 1981. In Counts II and IV, Plaintiff asserts claims for gender discrimination and sexual harassment against Defendants under the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.07. In Count V, Plaintiff asserts a claim against Oasis for unpaid compensation in violation of Florida's minimum wage under the Florida Constitution. FLA. CONST. art. X, § 24. In Count VI, Plaintiff asserts a claim against Mr. Vazquez for unpaid compensation in violation of Florida's minimum wage under the Florida Constitution. *Id.*

On May 8, 2023, Defendants served Rule 33 interrogatories on Plaintiff. (Doc. 16 at 7); Fed. R. Civ. P. 33. On June 7, 2023, Plaintiff responded to the interrogatories. (Doc. 16 at 7). However, Defendants claim that Plaintiff's responses to Interrogatories 5, 20, and 21 are deficient, and seeks to compel more complete answers.

Specifically, Interrogatory 5 requests Plaintiff to state, *inter alia*, "the identity of any person that you directed their work or supervised each day and week; [and] the names, address, phone numbers, email addresses, titles and positions held of all other persons employed by Defendant each week." (Doc. 16 at 8).[1] Plaintiff's response to this interrogatory was: "Plaintiff supervised all employees list [sic] here (all last names unknown): Alex[,] Grace[,] Brittany[,] Stefani[,] Layda[,] Ray[,] Briyani[,] Jakeyla[,] Jessica[,] Luisa[,] Zoie[,] Cloe[,] Casey[,] Shanik[,] Erin[,] Adillya[,] Kevin[,] Mary[,] Walter/Wally[,] [and] Amanda[.]" (Doc. 16 at 9).

---

[1] Defendants' motion refers to interrogatory 5.1 "in particular" as having a deficient answer. (Doc. 16 at 7). Because Defendants fail to contest the other portions of Ms. Carter's answer, the Court does not address these.

Further, Interrogatory 20 requests Plaintiff to "identify all of Defendant's employees during each workweek for the time period of one (1) year prior to the beginning of your employment until the end of your employment." (Doc. 16-4 at 11-12). Plaintiff's response was: "Plaintiff recalls the list of employees (all last names unknown): Alex[,] Grace[,] Brittany[,] Stefani[,] Layda[,] Ray[,] Briyani[,] Jakeyla[,] Jessica[,] Luisa[,] Zoie[,] Cloe[,] Casey[,] Shanik[,] Erin[,] Adillya[,] Kevin[,] Mary[,] Walter/Wally[,] [and] Amanda[.]" *Id.* Finally, Interrogatory 21 provides:

> [i]f it is your contention that Defendants employed 15 or more employees in each of 20 or more workweeks in the year(s) you worked or in the previous year please state all facts in detail to substantiate this claim, including the identities of each employee employed by Defendant in each of 20 or more workweeks in the year(s) you were employed and/or in the previous year.

*Id.* at 12. Plaintiff's response was "[s]ee [a]nswer to Interrogatory Number 20 above." *Id.*

According to Defendants, here, Plaintiff has and must disclose the information of other employees to establish that they are "employers" subject to liability under Title VII and the FCRA. If Plaintiff is unable to provide more complete answers to the interrogatories at issue here, then Defendants request that she state so in her answers to the interrogatories and be estopped from later supplementing these answers. Notably, Defendants fail to cite to any authority (beyond Title VII and the FCRA's statutory provisions) for their arguments.

An employer is only subject to the provisions of Title VII and the FCRA if it has at least fifteen employees working at the same time for twenty weeks or more in the year (the "employee-numerosity requirement"). *See* 42 U.S.C. § 2000e(b); Fla. Stat. § 760.02(7). In her complaint, Plaintiff alleges that Defendants had greater than fifteen employees. (Doc. 1 at ¶ 10). For purposes of a motion to dismiss, the allegation that Defendants meet the employee-numerosity requirement is sufficient to establish that they are covered employers under Title

VII and the FCRA. *Rodriguez v. Accurate Painting of Nw. Fla., Inc.*, No. 3:20CV5920-TKW-HTC, 2021 WL 4078037, at *1 (N.D. Fla. Jan. 12, 2021). Instead, courts typically address the employee-numerosity requirement on a motion for summary judgment. *See id.*, at *2.[2]

Here, Defendants' arguments mainly revolve around the employee-numerosity requirement, and thus should be raised in a motion for summary judgment.[3] Regardless, as Plaintiff's counsel makes clear, Plaintiff lacks the information to provide more complete answers to interrogatories 5, 20, and 21. To the extent Plaintiff is unable to answer an interrogatory, she must state so expressly in her answer. *Wilkins v. Ragoodial*, No. 2:20-CV-14203, 2021 WL 1579955, at *2 (S.D. Fla. Apr. 21, 2021) ("A court cannot compel better answers to an interrogatory question to which the party being asked does not know the answer; but to the extent the answer is unknown, the responding party must state so") (citations omitted); *see also NXP B.V. v. Blackberry Ltd.*, No. 6:12-CV-498-ORL-22, 2013 WL 5913456, at *4 (M.D. Fla. Oct. 31, 2013) ("A party that lacks knowledge of facts necessary to answer an interrogatory should say so in its response"). Here, for example, in response to Interrogatory 5.1, Plaintiff would need to state that she lacks the requisite knowledge or

---

[2] *See also Canady v. Town of Eatonville*, No. 6:18-cv-2192-Orl-22GJK, 2019 WL 13245183, at *11–12 (M.D. Fla. Aug. 15, 2019) (treating motion to dismiss as motion for summary judgment when issue of requisite number of employees raised) (citing *Newsome v. Young Supply Co.*, 835 F. Supp. 2d 406, 407 (E.D. Mich. 2011)); *see also Hardy v. Ambika, LLC*, No. 10–0485–WS–M, 2010 WL 4636636 (S.D. Ala. Nov. 3, 2010); *see also Widman v. Stegman*, No. 3:13-CV-00193 (BKS/DEP), 2015 WL 13832105, at *10 (N.D.N.Y. Apr. 28, 2015) (re-opening discovery for plaintiffs to support allegation that defendant was employer under Title VII where defendant did not disclose employment records).

[3] Moreover, Plaintiff's counsel is arguably correct that Defendants are subject to recordkeeping requirements and the employment information sought from Plaintiff should already be in their possession. *See, e.g.*, 29 C.F.R. §§ 1602.1, 1602.14 (employer must preserve "[a]ny personnel or employment record made or kept . . . for a period of one year from the date of the making of the record or the personnel action involved, whichever occurs later").

information to provide the addresses of employees she supervised. *Wilkins*, 2021 WL 1579955, at *2.

Accordingly, to the extent that Plaintiff cannot answer the interrogatories, she must state so expressly in her response. Hence, the defendants' motion is **granted** to the extent that Plaintiff shall provide complete answers to the interrogatories **within fourteen days** of this Order. However, to the extent that Defendants request that Plaintiff be estopped from later supplementing her answer with additional employee information, that request is **denied**. After both sides exchange discovery, Plaintiff may remember additional information. Moreover, Defendants fail to provide any authority for such an extreme remedy. Notably, instead, Rule 37(a)(5)(A) provides sanctions for incomplete interrogatory responses. Fed. R. Civ. P. 37(a)(5)(A).

Under Rule 37(a)(5)(A), when a motion to compel is granted, the Court is required to award the fees and expenses incurred in filing the motion. *Id.* However, the Court may deny such an award if it determines that: (1) the motion was filed without the movant making a good faith effort to obtain the discovery without court action, (2) the response of the non-moving party was substantially justified, or (3) other circumstances make an award of expenses unjust. *Id.* Here, other circumstances make an award of expenses unjust. While Plaintiff's answer does not go to the extent of expressly stating each piece of information she lacks, she does state that she cannot recall last names of employees. Hence, it is reasonable that Plaintiff would be unable to recall additional employee information.

Moreover, the defendants did not provide Plaintiff with case law establishing that her answers were deficient. Notably, instead, Defendants' counsel argued that Plaintiff must have

this information and was refusing to disclose it. (Doc. 16-5 at 3). Given that Plaintiff's counsel understood that Defendants had recordkeeping obligations, his refusal to supplement was reasonable, and an award of expenses would be unjust here. *See* 29 C.F.R. §§ 1602.1, 1602.14, *supra* note 3. Accordingly, the defendants' request for $1,800.00 in attorney's fees is **denied**.

**DONE** and **ORDERED** in Ocala, Florida on July 18, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties