UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION
CASE NO.: 5:23-cv-00117-JSM-PRL

KRYSTAL CARTER,

    Plaintiff,

vs.

OASIS TROPICAL CAFÉ, LLC, and
ALBERTO VAZQUEZ,

    Defendants.

_____/

### PLAINTIFF'S SUPPLEMENT TO MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

Plaintiff, KRYSTAL CARTER, by and through undersigned counsel, hereby supplements her Motion for Entry of Final Default Judgment against Defendant's, OASIS TROPICAL CAFÉ, LLC, and ALBERTO VAZQUEZ (collectively "Defendants", and states as follows:

1. On February 17, 2023, Plaintiff, KRYSTAL CARTER, filed a Complaint against Defendants for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"), and the Florida Constitution, Article. X § 24 [Doc. 1].

2. On October 9, 2023, Defendants filed an answer to the Complaint [Doc. 11] through counsel.

3. On September 8, 2023, this Court granted Defendants' counsel's Motion to Withdraw as Counsel. [Doc. 21]. This Order outlined several deadlines which Defendants were to adhere to.

4. On November 3, 2023, this Court issued an Order to Show Cause to Defendants [Doc. 26] for failure to comply with the September 8, 2023, Order.

5. Defendant did not comply, and Plaintiff's counsel was instructed to file a Motion for Default Judgment.

6. Accordingly, Plaintiff filed a Motion for a Default Final Judgment requesting a judgment in her favor and against the Defendants. **Exhibit A.**

7. On December 14, 2023, the Court requested additional information regarding Plaintiff's Motion for Final Default.

## DAMAGES AND SUPPLEMENTAL DOCUMENTATION

### A. Back Pay Damages

In this instant matter, the Court entered an Order [Doc. 30] on November 30, 2023 requiring the filing of a Default.

Victorious Title VII Plaintiff's are presumptively entitled to back pay. *Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1473 (11th Cir. 1985). Back pay "is the difference between actual wages earned and the ages the individual would

have earned in the position that, but for discrimination, the individual would have attained." *Gryder v. Dennin,* 427 F. App'x 844,846 (11th Cir. 2011). Case law provides "the plaintiff must present some evidence from which the finder of fact can begin a reasonable calculation of a back-pay award." Id.

In the instant case client earned an hourly-rate of $15.00/hour and worked forty (40) hours a week. Therefore, her weekly take home pay was on average roughly $600.00. A copy of Plaintiff's pay records while working with Defendant are attached as **Exhibit B.**

Plaintiff was finally able to find replacement work with Love's Travel Stop and received her first paycheck from same on October 6, 2021. Plaintiff currently earns less with Love's Travel Stop and has therefore successfully mitigated her damages. Plaintiff's pay records while working with Love's Travel Stop are attached as **Exhibit C.**

Plaintiff had roughly 5-weeks of unpaid wages, which would amount to back-pay in the amount of $3,000.00.

B. <u>Compensatory Damages</u>

Compensatory damages under *42 U.S.C. § 1981a* encompasses "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." Compensatory damages do not need to be proven with a high degree of specificity and can be "inferred from the circumstances as well as proven by testimony." *Smith v.*

3

*Diamond Dev. & Invs., Inc.*, 2014 U.S. Dist. LEXIS 188970. As such, the trial court or jury has discretion in awarding same, as the "harm is subjective and evaluating it depends considerably on the demeanor of the witnesses." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999). There is a cap on the amount of compensatory and punitive damages that can be awarded, which is based on the number of employees within the company. *42 U.S.C. § 1981a*. If the Defendant company has more than 14 and fewer than 101 employees in 20 or more calendar weeks of the current or preceding year, compensatory plus punitive damages cannot exceed $50,000.00. *42 U.S.C. § 1981a*.

Defendant had between 14 and 101 employees in 20 or more calendar weeks of the current or preceding year, at the commencement of this action, and therefore falls within *42 U.S.C. § 1981a*. Plaintiff, a woman, suffered substantial emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. More specifically, Defendants harassing comments via text message and threats based on race entitles Plaintiff to compensatory damages. Harassing and threatening texts received from Defendant are attached as **Exhibit D.**

Due to the above, Plaintiff is entitled to $25,000.00 in compensatory damages.

C. **Punitive Damages**

Under the Civil Rights Act of 1991, a complaining party may recover punitive damages for a violation of Title VII. *42 U.S.C. § 1981a(b)(1)*. In order to be awarded such damages, Plaintiff must show that the "employer acted with malice or reckless indifference to the plaintiff's federally protected rights, such that the employer at a minimum, discriminated in the face of a perceived risk that its actions would violate federal law to be liable for punitive damages." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999); *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 611 (11th Cir. 2000). The employee "need only show that employer knew that it may be acting in violation of federal law." *Kolstad*, 527 U.S. at 536; *W&O*, 213 F.3d at 612.

Due to the size of the company, Defendant knew or should have known of the federal laws protecting female workers. Defendant therefore acted in defiance of same and should be held accountable in the amount of $10,000.00.

## ATTORNEY'S FEES AND COSTS

Pursuant to *42 U.S.C. § 2000e-5(k)*, a court in its discretion may allow the prevailing party reasonable attorney's fees. *Myers v. Cent. Fla. Inv.*, 592 F.3d 1201, 1225-26 (11th Cir. 2010). Fees are calculated according to the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. *Shannon v. Bellsouth Telecomms.*, 292 F.3d 712, 717 (11th Cir. 2002).

5

Here, Plaintiff's counsel has worked this matter through the final default stage at rate of $350.00 per hour. A reasonable number of 35 hours has been invested in this litigation. Accordingly, counsel for Plaintiff seeks an award of $12,250.00 in attorney's fees.

Plaintiff's costs for mailing, filing fees, and service of process are reasonable and are properly taxed against Defendant. *Pelc. V. Nowak*, 596 F. App'x 768, 771 (11th Cir. 2015) (filing fee recoverable); *W&O*, 213 F.3d at 623-24 (process server costs recoverable); *Stallworth v. Imani Envtl. Grp., Inc.*, No. 2:12-CV-814-WKW [WO], 2013 U.S. Dist. LEXIS 157999, 2013 WL 5930499 at *4 (M.D. Ala. Nov. 5, 2013) mailing costs recoverable); *Equal Emp't Opportunity Comm'n v. Nunez*, No. 1:09-CV-2661-WSD-AJB, 2011 U.S. Dist. LEXIS 159963, 2011 WL 13168394, at *41 (N.D. Ga. Feb. 28, 2011) (mailing costs recoverable under *42 U.S.C. § 2000e-5(k)*.

Here, Plaintiff has expended:

- Filing Fee - $402.00
- Process Server - $130.00
- Mailings - $29.32

TOTAL COSTS: $561.32

## **CONCLUSION**

WHEREFORE, the Plaintiff hereby respectfully requests this Court enter a Default Final Judgment against Defendant, in the amount of

6

$38,000.00, plus attorney's fees in the amount of $12,250.00, and costs in the amount of $561.32, and grant and all such other relief as the Court deems just and appropriate.

Dated this __4th____ day of March, 2024.

                                      Respectfully submitted,
                                      s/ Edward Wimp
                                      Edward Wimp, Esquire – LEAD COUNSEL
                                      FBN: 1015586
                                      Anthony Hall, Esquire
                                      FBN: 40924
                                      THE LEACH FIRM, P.A.
                                      1560 N. Orange Ave., Suite 600
                                      Winter Park, FL 32789
                                      Telephone: (407) 574-4999
                                      Facsimile: (833) 813-7513
                                      Email: ewimp@theleachfirm.com
                                      Email: ahall@theleachfirm.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this _4th__ day of March 2024, I filed the foregoing document using the CMECF system. A notice of electronic filing and the foregoing we also sent by first-class mail to the following non CM/ECF participants:

I FURTHER CERTIFY that on this _4th__ day of March 2024, I furnished a copy of the foregoing to the following non-CM/ECF participants via priority mail and e-mail:

7

Alberto Vazquez
Oasis Tropical Café, LLC 2375 NE 25th Ave., Ste.119
Ocala, Florida 34470
E-mail: oasistropicalcafe.ocala@gmail.com

                        **/s/ Edward Wimp** _____
                        Edward Wimp, Esq.

8