## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**KRYSTAL CARTER,**

     **Plaintiff,**

**v.**                                                  **Case No: 5:23-cv-117-JSM-PRL**

**OASIS TROPICAL CAFE, LLC and
ALBERTO VAZQUEZ,**

     **Defendants.**

_____

### ORDER

Upon referral, before the Court in this employment discrimination case is the plaintiff's motion for default judgment and supplement. (Docs. 31 & 40). For the reasons explained below, the motion is **denied without prejudice**.

On February 17, 2023, Plaintiff initiated this suit against Defendant Oasis Tropical Cafe, LLC ("Defendant Oasis") and Defendant Alberto Vazquez ("Defendant Vazquez"). (Doc. 1). On October 9, 2023, through counsel, the defendants filed an answer to the complaint. (Doc. 11). Then, on September 8, 2023, the Court granted the motion of Defendants' counsel to withdraw, stating that Defendant Oasis could only appear through counsel, and its failure to retain counsel within thirty days "may result in a default judgment."[1] (Doc. 21 at ¶ 3).

However, Oasis did not have counsel file a notice of appearance, and on November 3, 2023, the Court directed the defendants to show cause, within fourteen days, why they had

---

[1] Further, the Court gave Defendant Vazquez thirty days to file notice of appearance for newly retained counsel or to notify the Court that he was proceeding pro se. (Doc. 21). However, Defendant Vazquez did not do either, even after the Court's Order to show cause. (Doc. 26).

failed to comply with the Court's order. (Doc. 26). Again, the Court informed the defendants that if they failed to respond to the Court's order, "the Court will enter defaults against them." *Id.* Despite this second warning, the defendants failed to respond, and on November 20, 2023, the Court entered an order directing the plaintiff to file a motion for default judgment within fourteen days. (Doc. 30). Plaintiff filed a motion for default judgment on December 8, 2023. (Doc. 31). The Court directed Plaintiff to file a supplement regarding the damages sought, which Plaintiff has done. (Docs. 33 & 40). Since September 8, 2023, Defendants have not sought to retain new counsel, responded to the plaintiff's motion or the Court's orders, or otherwise defended this action.[2]

However, "[a] party is not entitled to a default judgment merely because a clerk's default has been entered." *Cloer v. Green Mountain Specialties Corp*, No. 618CV999ORL40KRS, 2018 WL 7287153, at *1 (M.D. Fla. Aug. 30, 2018). A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55; *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted).

---

[2] "[B]efore a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." *Collins v. Fed. Express Corp.*, No. 21-cv-11143-ADB, 2021 U.S. Dist. LEXIS 198904, at *4-7 (D. Mass. Oct. 15, 2021) (denying entry of default where Plaintiff "failed to establish that . . . Defendants were properly served.") (citations omitted). Here, **Plaintiff did not file a return of service with the Court**, although she contends the Court has subject-matter jurisdiction here due to the claims arising under Title VII (Doc. 31 at 2), and personal jurisdiction over the defendants, because they conduct business in Ocala, Florida, where she was employed. (Doc. 31 at 3). The plaintiff, on subsequent motion, should file a return of service, if she has any, from the process server.

Here, the plaintiff's motion for default judgment is deficient because it fails to set forth the elements of Plaintiff's claims against the defendants, "with citation to legal authority, or show how the well-pleaded allegations of the complaint establish each of those elements." *Cloer*, 2018 WL 7287153, at *1. Plaintiff's complaint asserts six causes of action against the defendants (with a distinct lack of clarity as to which defendant each count is asserted against), but the instant motion does not identify which causes of action Plaintiff seeks default judgment on.[3] *See, e.g.*, (Doc. 31 at 5–6). "Without this information, the Court is ill-equipped to determine whether Plaintiff is entitled to a default judgment." *Cloer*, 2018 WL 7287153, at *1 (citing *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988)). Indeed, Plaintiff's motion and supplement completely ignore four claims asserted in the complaint. Moreover, the two claims that are addressed fail to reference the paragraphs of her complaint that provide a sufficient factual basis for default judgment or case law that support her assertions. *See, e.g.*, (Doc. 31 at 5–6) (stating that "none of the other male employees were subjected to an adverse employment action, and/or termination" without reference to specific paragraphs in complaint or case law supporting assertion).

Next, relatedly, Plaintiff's supplement generally provides requests for damages ($3,000 in backpay; $25,000 in compensatory damages; and $10,000 in punitive damages). However, Plaintiff does not apportion any of her requested damages between claims or Defendants. Indeed, Plaintiff does not specify that damages are sought as to any particular count or Defendant. Plaintiff **must** state the amount of damages sought as to each count in addition to

---

[3] Counts I–IV do not explicitly state that they are asserted solely against Defendant Oasis unlike Count V. However, Counts I–IV do not re-allege and adopt the allegations that Defendant Vazquez is a party, and instead purposely exclude that allegation. (Doc. 1 at ¶¶ 3–4, 56, 67, 76, 85). In comparison, Count VI, which is asserted exclusively against Defendant Vazquez, does not re-allege and adopt the allegation that Defendant Oasis is a party. (Doc. 1 at ¶¶ 3–4, 101).

the information she has provided now. Further, while Plaintiff provided some exhibits evincing her pay and possible harm by Defendant, she did not execute an affidavit or otherwise aver to these damages sought. The plaintiff shall provide the Court with a **clear and succinct basis for the requested damages**, as explained in the Court's previous Order. *See, e.g.*, (Doc. 33 at 3) (stating that Plaintiff shall provide a declaration or affidavit in support of her requested damages).

Next, Plaintiff's motion and supplement request attorney's fees and costs. This Court has a bifurcated procedure for an award of attorney's fees after entry of judgment. M.D. Fla. Local Rule 7.01. Further, as the Court's previous Order states, counsel should provide support for his assertion that $350 an hour is reasonable based on his experience, skill, and reputation. *Garcia v. Unit Dose Servs., LLC*, No. 0:23-CV-61352, 2023 WL 6962827, at *6 (S.D. Fla. Oct. 2, 2023), *report and recommendation adopted*, No. 23-61352-CV, 2023 WL 6958658 (S.D. Fla. Oct. 20, 2023) (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Given counsel's difficulty in adhering to the Court's previous Order, the Court directs counsel to comply with the bifurcated procedure of Local Rule 7.01 when (and if) final judgment is entered in Plaintiff's favor.  M.D. Fla. Local Rule 7.01.

Likewise, counsel apparently ignored the Court's previous Order in regard to the plaintiff's request for an award of taxable costs. **Counsel should review that Order and comply with it if Plaintiff renews her request for an award of costs.** (Doc. 33). Finally, counsel is warned that the Court will not provide limitless opportunities to comply with its Orders. *See* (Docs. 35, 37, & 39) (providing three extensions of time for Plaintiff to provide supplement to motion for default which was ultimately deficient).

Accordingly, Plaintiff's motion for default judgment (Docs. 31 & 40), is **denied without prejudice**. On or before **May 3, 2024**, Plaintiff shall file a renewed motion for default judgment. The renewed motion must detail the claims that Plaintiff seeks default judgment on, and it must be supported by a memorandum of law setting forth the elements of each cause of action and showing how the well-pleaded allegations of the complaint establish each of these elements. If the well-pleaded allegations of the complaint establish liability, then the plaintiff must set forth the legal basis for her entitlement to damages and present evidence sufficient to establish the damages to be awarded. Finally, the plaintiff must provide a basis for the taxation of costs she seeks.[4]

**DONE** and **ORDERED** in Ocala, Florida on April 19, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] If Plaintiff is in possession of a return of service, she should file that in addition to a receipt or any supporting documentation evincing the cost of the process server. *See* n.1