UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION
CASE NO.: 5:23-cv-00117-JSM-PRL

KRYSTAL CARTER,

    Plaintiff,

vs.

OASIS TROPICAL CAFÉ, LLC, and
ALBERTO VAZQUEZ,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and this Court's November 20, 2023 Order [Doc. 30], Plaintiff, KRYSTAL CARTER, by and through undersigned counsel, hereby moves for the entry of a Final Default Judgment against Defendants, OASIS TROPICAL CAFÉ, LLC, and ALBERTO VAZQUEZ (collectively "Defendants"), and states as follows:

1. On February 17, 2023, Plaintiff, KRYSTAL CARTER, filed a Complaint against Defendants for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"), and the Florida Constitution, Article. X § 24 [Doc. 1].

2. On October 9, 2023, Defendants filed an answer to the Complaint [Doc. 11] through counsel.

3. On September 8, 2023, this Court granted Defendants' counsel's Motion to Withdraw as Counsel. [Doc. 21]. This Order outlined several deadlines which Defendants were to adhere to.

4. On November 3, 2023, this Court issued an Order to Show Cause to Defendants [Doc. 26] for failure to comply with the September 8, 2023 Order.

5. To date, Defendant's have not complied and Plaintiff's counsel was instructed to file this Motion for Default Judgment.

6. Accordingly, Plaintiff now files a Motion for a Default Final Judgment requesting a judgment in her favor and against the Defendants.

## JURISDICTION

Before granting a motion for Final Default, the Court must first "ensure that it has jurisdiction over the claims and parties." *Sec. and Exch. Comm'n v. Martin,* 2019 U.S. Dist. LEXIS 65646, 2019 WL 1649948, at *2 (M.D. Fla. Apr. 1, 2019). The Court has federal-question jurisdiction in the instant case pursuant to 28 U.S.C. § 1331, as it relates to claims arising under Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C. § 2000e-5(f)(3). The Court has supplemental jurisdiction over the claims raised under the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes and the Florida Constitution, Article. X § 24.

Additionally, the Court has personal jurisdiction over the Defendant's, as alleged in the Complaint. More specifically, Defendant conducts business in Ocala, Florida, where Plaintiff was employed. Furthermore, the acts and omissions giving rise to this action occurred in Ocala, Florida. Venue is proper because the illegal conduct occurred within the judicial district in and for this District.

For the above reasons, the Ocala Division of the Middle District of Florida is the proper jurisdiction for this action.

## **LIABILITY**

## **Memorandum of Law**

Federal Rule of Civil Procedure 55(b)(2), reads as follows regarding entry of Default Judgments:
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

## **A. Violations of Title VII – Gender**

3

The Complaint alleges violations of Title VII Gender Discrimination. "Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer...to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993) *citing* 42 U.S.C. § 2000e–2(a)(1). Title VII of the Civil Rights Act of 1964, *42 U.S.C.S. § 2000e et seq.*, prohibits employment discrimination on the basis of sex. *42 U.S.C.S. § 2000e-2(a).*

To make out a *prima facie* case of gender discrimination a plaintiff must show "(1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). *See also Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012). The *McDonnell Douglas* framework indicated here "is not intended to be an inflexible rule." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 228, (2015). "Rather, an individual plaintiff may establish a *prima facie* case by showing actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion illegal under Title VII. *Id.*

4

Notably, "under Title VII, a plaintiff may prevail on a claim by showing that her gender "was a motivating factor" for an employment decision. 42 U.S.C. § 2000e–2(m)." *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012). "To prove this, a plaintiff may offer either direct evidence or circumstantial evidence." *Id*.

The facts here are not only enough to set forth a *prima facie* case of gender discrimination, but they are enough to show pretext and defeat a motion for summary judgment. "A triable issue of fact exists if the record, viewed in the light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Mohammed v. Jacksonville Hospitalists, P.A.*, No. 3:15-CV-701-J-39JRK, 2016 WL 10649216, at *14 (M.D. Fla. July 25, 2016), aff'd, 712 F. App'x 872 (11th Cir. 2017). To show pretext, a plaintiff "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1265 (11th Cir. 2010). The inconsistencies, contradictions, and weaknesses described above all meet this standard. It is well settled that "the *prima facie* case creates a presumption of discrimination, the role of which is to "force the defendant to come forward with some response." *St. Mary's Honor Ctr. V.*

5

*Hicks,* 509 U.S. 502, 510-11, 113 S. Ct. 2742, 2749, 125 L. Ed. 2d 407 (1993). Here, there is no doubt that Plaintiff meets the elements to set forth a *prima facie* case of gender discrimination.

A *prima facie* case for gender discrimination first requires that the Plaintiff be a member of the protected class. Plaintiff satisfies this element by being a female, therefore placing her within the class. (Compl. ¶ 25).

The second element requires that the Plaintiff be qualified to perform her job. Plaintiff worked as a manager, and she was still able to perform the essential functions of her job.

In order to prove the third element, Plaintiff must show that she was subjected to adverse employment action. Based on the discriminatory treatment Plaintiff was subjected to, she could no longer work under those horrific conditions and was therefore constructively discharged from her employment on August 31, 2021. (See Complaint, Paragraphs 43-54).

Finally, Plaintiff must prove that the employer treated similarly situated outside of her class more favorably. Here, none of the other male employees were subjected to an adverse employment action, and/or termination. Plaintiff therefore, satisfies all elements of Title VII gender discrimination.

**B. Violations of Florida Civil Rights Act ("FCRA") - Gender**

Decisions construing Title VII guide the analysis under the FCRA. *Holland v. Gee,* 677 F.3d 1047, 1055 (11th Cir. 2012). As such, the FCRA

prohibits from firing employees because of their gender. "The plaintiff can establish a *prima facie* case of discrimination by showing she was: (1) a member of the protected class; (2) qualified for her position; (3) subject to adverse employment action; and (4) treated less favorable than any similarly situated employee." *East v. Clayton Cty., GA*, 436 F. App'x 904, 911 (11th Cir. 2011). The analysis under the FCRA will therefore resemble the analysis set forth above under Title VII.

Similarly to the first requirement under Title VII, a *prima facie* case for gender discrimination first requires that the Plaintiff be a member of the protected class. Plaintiff satisfies this element by being a female, therefore placing her within the protected class.

Secondly, the Plaintiff must be qualified to do her job. Plaintiff worked as a manager, and was capable of performing the essential functions of her job. In summation, Plaintiff was capable of doing her job.

Again, because FCRA discrimination mirrors Title VII, Plaintiff must show for the third element that they were subjected to an adverse employment action. Based on the discriminatory treatment Plaintiff was subjected to, she could no longer work under those horrific conditions and was therefore constructively discharged from her employment on August 31, 2021. (See Complaint, Paragraphs 43-54)..

Lastly, Plaintiff has the burden to prove that the employer treated similarly situated employees outside of her class more favorably. The fact that none of the other male employees were subjected to an adverse action, and/or termination demonstrates that gender was the sole reason for her termination. As a result of the above, Plaintiff satisfies all four elements of FCRA gender discrimination.

### C. Violations of Title VII – Sexual Harassment

In passing Title VII, Congress made the simple but momentous announcement that sex, race, religion, and national origin are not relevant to the selection, evaluation, or compensation of employees. The law prohibits an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate with respect to his compensation, terms, conditions, or privileges of employment," or to "limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... sex." 42 U.S.C. §§ 2000e–2(a)(1), (2). As the Unites States Supreme Court explained, "We take these words to mean that gender must be irrelevant to employment decisions." *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775 (1989).

It is clear that Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with the Company, which was perpetuated upon her by owner, Mr. Vazquez. His conduct was based upon and directed at Plaintiff by reason of her gender. (Compl. ¶ 41-43). Additionally, Plaintiff complained of same, and denied his advances, for which she was retaliated against.

In this regard, Title VII includes anti-retaliation elements to ensure that individuals who oppose unlawful discrimination or engage in protected activity, such as participating in an investigation, are not punished. "Title VII recognizes two forms of statutorily-protected conduct. An employee is protected from retaliation and discrimination if (1) she has opposed any practice made an unlawful employment practice by this subchapter (the opposition clause) or (2) she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter (the participation clause). *MacLean v. City of St. Petersburg*, 194 F. Supp. 2d 1290, 1297 (M.D. Fla. 2002) *citing* 42 U.S.C. § 2000e–3(a)(internal quotations omitted).

"In order to establish a *prima facie* case of unlawful retaliation under Title VII, an employee must show that (1) she was engaged in protected activity, (2) [she]was subsequently subjected to an adverse employment action, and (3) a causal connection exists between the protected activity and the

9

adverse employment action. *Casey v. Wal-Mart Stores, Inc.*, 8 F. Supp. 2d 1330, 1338 (N.D. Fla. 1998), aff'd, 190 F.3d 541 (11th Cir. 1999 *citing Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir.1994).

In this instance, not only did the owner constantly sexually harass Plaintiff, but she left with no option but to leave her employment. Accordingly, Plaintiff meets all of the elements required to set forth a *prima facie* case of discrimination and retaliation.

## D. Violations of Florida Civil Rights Act ("FCRA") – Sexual Harassment

Decisions construing Title VII guide the analysis under the FCRA. *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012). As such, the law prohibits an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate with respect to his compensation, terms, conditions, or privileges of employment," or to "limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... sex." 42 U.S.C. §§ 2000e–2(a)(1), (2). "The plaintiff can establish a *prima facie* case of discrimination by showing she was: (1) a member of the protected class; (2) qualified for her position; (3) subject to adverse employment action; and (4) treated less favorable than any similarly situated employee." *East v. Clayton*

*Cty., GA*, 436 F. App'x 904, 911 (11th Cir. 2011). The analysis under the FCRA will therefore resemble the analysis set forth above under Title VII.

## E. Violation of the Florida Constitution, Article X, § 24 (Minimum Wage) – Against Defendant Oasis Tropical Café, LLC

Plaintiff dismisses this count against Oasis Tropical Café, LLC.

## F. Violation of the Florida Constitution, Article X, § 24 (Minimum Wage – Against Defendant Alberto Vazquez Individually

Plaintiff dismisses this count against Alberto Vazquez.

## DAMAGES

### A. Back Pay Damages

In this instant matter, the Court entered an Order [Doc. 30] on November 30, 2023 requiring the filing of a Default.

Victorious Title VII Plaintiff's are presumptively entitled to back pay. *Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1473 (11th Cir. 1985). Back pay "is the difference between actual wages earned and the ages the individual would have earned in the position that, but for discrimination, the individual would have attained." *Gryder v. Dennin,* 427 F. App'x 844,846 (11th Cir. 2011). Case law provides "the plaintiff must present some evidence from which the finder of fact can begin a reasonable calculation of a back-pay award." Id.

In the instant case client earned an hourly-rate of $15.00/hour and worked forty (40) hours a week. Therefore, her weekly take home pay was on

average roughly $600.00. A copy of Plaintiff's pay records while working with Defendant are attached as **Exhibit B.**

Plaintiff was finally able to find replacement work with Love's Travel Stop and received her first paycheck from same on October 6, 2021. Plaintiff currently earns less with Love's Travel Stop and has therefore successfully mitigated her damages. Plaintiff's pay records while working with Love's Travel Stop are attached as **Exhibit C.**

Plaintiff had roughly 5-weeks of unpaid wages, which would amount to back-pay in the amount of $3,000.00. The back pay damages are to be apportioned $1,500.00 for the Title VII/FCRA gender claims, and $1,500.00 for the Title VII/FCRA sexual harassment claims.

Please refer to Plaintiff's affidavit, **Exhibit D.**

### B. Compensatory Damages

Compensatory damages under *42 U.S.C. § 1981a* encompasses "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." Compensatory damages do not need to be proven with a high degree of specificity and can be "inferred from the circumstances as well as proven by testimony." *Smith v. Diamond Dev. & Invs., Inc.*, 2014 U.S. Dist. LEXIS 188970. As such, the trial court or jury has discretion in awarding same, as the "harm is subjective and evaluating it depends considerably on the demeanor of the witnesses." *Farley*

12

*v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999). There is a cap on the amount of compensatory and punitive damages that can be awarded, which is based on the number of employees within the company. *42 U.S.C. § 1981a.* If the Defendant company has more than 14 and fewer than 101 employees in 20 or more calendar weeks of the current or preceding year, compensatory plus punitive damages cannot exceed $50,000.00. *42 U.S.C. § 1981a.*

Defendant had between 14 and 101 employees in 20 or more calendar weeks of the current or preceding year, at the commencement of this action, and therefore falls within *42 U.S.C. § 1981a.* Plaintiff, a woman, suffered substantial emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. More specifically, Defendants harassing comments via text message and threats based on race entitles Plaintiff to compensatory damages. Harassing and threatening texts received from Defendant are attached as **Exhibit E.**

Due to the above, Plaintiff is entitled to $25,000.00 in compensatory damages.

C. **Punitive Damages**

Under the Civil Rights Act of 1991, a complaining party may recover punitive damages for a violation of Title VII. *42 U.S.C. § 1981a(b)(1).* In order to be awarded such damages, Plaintiff must show that the "employer acted

13

with malice or reckless indifference to the plaintiff's federally protected rights, such that the employer at a minimum, discriminated in the face of a perceived risk that its actions would violate federal law to be liable for punitive damages." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1999); *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 611 (11th Cir. 2000). The employee "need only show that employer knew that it may be acting in violation of federal law." *Kolstad*, 527 U.S. at 536; *W&O*, 213 F.3d at 612.

Due to the size of the company, Defendant knew or should have known of the federal laws protecting female workers. Defendant therefore acted in defiance of same and should be held accountable in the amount of $10,000.00.

## CONCLUSION

WHEREFORE, the Plaintiff hereby respectfully requests this Court enter a Default Final Judgment against Defendant Tropical Oasis Café, LLC, in the amount of $38,000.00 to be paid by Tropical Oasis Café, LLC, and grant and all such other relief as the Court deems just and appropriate.

Dated this ___17th_____ day of May, 2024.

                          Respectfully submitted,
                          <u>s/ Edward Wimp</u>
                          Edward Wimp, Esquire – LEAD COUNSEL
                          FBN: 1015586
                          Anthony Hall, Esquire
                          FBN: 40924
                          THE LEACH FIRM, P.A.
                          1560 N. Orange Ave., Suite 600

        Winter Park, FL 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 813-7513
        Email: ewimp@theleachfirm.com
        Email: ahall@theleachfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __17th__ day of May 2024, I filed the foregoing document using the CMECF system. A notice of electronic filing and the foregoing we also sent by first-class mail to the following non CM/ECF participants:

I FURTHER CERTIFY that on this __8th__ day of May 2024, I furnished a copy of the foregoing to the following non-CM/ECF participants via priority mail and e-mail:

Alberto Vazquez
Oasis Tropical Café, LLC
2375 NE 25th Ave., Ste.119
Ocala, Florida 34470
E-mail: oasistropicalcafe.ocala@gmail.com

        **/s/ Edward Wimp**
        Edward Wimp, Esq.

15